## William H. Meek *v.* William Fox.

1. ATTACHMENT: REMOVAL FROM COUNTY NOT SUFFICIENT. — An affidavit for an attachment, which states that the defendant had removed himself from the county where the debt was contracted, so that the ordinary process of law could not be served upon him, is insufficient.

ERROR to the Circuit Court of Winston county. Hon. H. W. Foote, judge.

Defendant in error, for a debt contracted in 1859, and for the sum of two hundred dollars (principal), sued out an attachment against plaintiff in error, on the ground that he had removed himself from the county, so that the ordinary process of law cannot be served upon him. On motion, the attachment was quashed on account of the insufficiency of the affidavit, and leave given to file a new affidavit and bond.

The new affidavit states that the defendant is indebted in the sum of two hundred dollars (the sum stated in the first affidavit was $350), and that he has removed himself beyond the limits of the county of Winston, where the debt was contracted, so that the ordinary process of law cannot be served upon him. The record recites, "thereupon came defendant's second demurrer to the affidavit and bond, and same being considered by the court, was overruled, etc." Then follows a jury and verdict against defendant (plaintiff in error).

Writ of error to this court, and the errors assigned relate to the action of the court below in overruling the demurrer to the affidavit for attachment.

*R. G. Rives* for plaintiff in error.

No counsel for defendant in error.

PEYTON, J., delivered the opinion of the court.

It appears from the record in this case, that William Fox sued out an attachment against the property of William H. Meek for the sum of three hundred and fifty dollars, returnable to the March Term of the Circuit Court of Winston county, 1867. The attachment was founded on an affidavit, that the defendant below was indebted to the plaintiff below in the above-stated sum or thereabouts, and that he has removed beyond the limits of said county, so that the ordinary process of law could not be served upon him.

That on the 26th day of September, 1867, the defendant by his counsel moved said court to quash the attachment, which was done, and leave granted by the court to file a new affidavit and bond, whereupon the plaintiff accordingly filed an affidavit that the defendant was indebted to him in the sum of $200 or thereabouts, and that he had removed beyond the limits of the county of Winston, where the debt was contracted, so that the ordinary process of law could not be served upon him, and also gave bond. The counsel for the defendant then moved the court to quash the affidavit and bond; which motion was overruled by the court, and the cause submitted to a jury, who found for the plaintiff the sum of $368.66, and for which sum judgment was rendered against the defendant, who brings the case into this court by writ of error, and assigns for error the insufficiency of the affidavit and the want of an attachment.

The record is very meagre and defective, and does not show any good ground for suing out the writ of attachment.

The ground on which the attachment was taken out was, that the defendant had removed beyond the limits of the county, so that the ordinary process of law could not be served on him. The mere removal of the defendant into some other county in the State from that in which the attachment issues, so that the ordinary process of law could not be served upon him there,

does not furnish a sufficient ground for resorting to the extraordinary process of attachment under our statute.

The law under which this proceeding was had requires that the affidavit should state that the defendant so absconds or conceals himself, that he cannot be served with a summons. Rev. Code, 372, art. 2.

The words, that " he has removed himself from the county," are not equivalent in meaning to the words, that " he absconds or conceals himself."

Hence we have arrived at the conclusion, that the affidavit did not authorize the proceeding by attachment.

The judgment must therefore be reversed and the cause dismissed.